

601 Montgomery Street, Suite 2000
San Francisco, CA 94111

Direct 628-300-1525
zflood@lewisllewellyn.com

www.lewisllewellyn.com

March 2, 2023

Chief Magistrate Judge Joseph C. Spero
United States District Court
450 Golden Gate Avenue, Courtroom F – 15th Floor
San Francisco, CA 94102

Re: In Re Rule 45 Subpoena to Non-Party Samuel Bankman-Fried
Case No. 3:23-mc-80052-JCS

Dear Chief Magistrate Judge Joseph C. Spero:

In light of recent developments in this matter, Non-Party Samuel Bankman-Fried respectfully requests the Court suspend consideration of his pending motion to quash (ECF No. 1) for 90 days.

On February 16, 2023 the Official Committee of Unsecured Creditors ("UCC") in the chapter 11 bankruptcy proceedings in *In re: Voyager Digital Holdings, Inc.*, et al., No. 22-10943 (MEW Bankr. S.D.N.Y.) ("Bankruptcy Proceedings") purported to serve Mr. Bankman-Fried with a Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case. After the UCC refused to adjourn or extend the deadlines set forth in the Subpoena, Mr. Bankman-Fried filed his motion to quash (ECF No. 1) on February 21, 2023.

On February 22, 2023, the UCC entered into a stipulation in the Bankruptcy Proceedings that included an agreement between the parties to those proceedings to, among other things, "postpone all formal or informal discovery requests against one another." *See* Ex. A (Bankruptcy Proceedings, ECF No. 1048 at 7). To that end, the parties to those proceedings specified that "[a]ny discovery requests that are outstanding as of [the stipulation] shall be deemed withdrawn, without prejudice." *Id*.

On February 27, 2023, the UCC provided counsel for Mr. Bankman-Fried with a letter claiming that the stipulation in the Bankruptcy Proceedings meant "the Subpoena has been withdrawn" and claiming the present motion to quash should be withdrawn as moot. *See* Ex. B (February 27, 2023 Letter). However, the same letter suggested that the UCC may renew efforts to pursue third-party discovery as to Mr. Bankman-Fried.

In light of the stipulation in the Bankruptcy Proceedings and the UCC's recent letter, Mr. Bankman-Fried requests the Court suspend consideration of the currently pending motion to quash and the UCC's deadline to respond by 90 days—until Wednesday May 31, 2023.

Respectfully,

Marc R. Lewis

# EXHIBIT A

Joshua A. Sussberg, P.C.
Christopher Marcus, P.C.
Christine A. Okike, P.C.
Allyson B. Smith (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:       (212) 446-4900

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| VOYAGER DIGITAL HOLDINGS, INC., *et al.*,[1] | Case No. 22-10943 (MEW) |
| Debtors. | (Jointly Administered) |

**JOINT STIPULATION AND AGREED ORDER**
**BETWEEN THE VOYAGER DEBTORS, THE FTX DEBTORS, AND THEIR**
**RESPECTIVE OFFICIAL COMMITTEES OF UNSECURED CREDITORS**

This *Stipulation and Agreed Order* ("Stipulation") is being entered into between (i) the above-captioned debtors and debtors in possession (collectively, the "Voyager Debtors"), (ii) FTX Trading Ltd. and its affiliated debtors and debtors-in-possession in the chapter 11 cases being jointly administered under the caption *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del.), including but not limited to Alameda Ventures Ltd., Alameda Research Ventures Ltd., West Realm Shires Inc. dba FTX US, and Alameda Research Ltd. (collectively with their affiliates the "FTX Debtors"),[2] and (iii) the respective Official Committees of Unsecured Creditors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Voyager Digital Holdings, Inc. (7687); Voyager Digital Ltd. (7224); and Voyager Digital, LLC (8013). The location of the Debtors' principal place of business is 33 Irving Place, Suite 3060, New York, NY 10003.

[2] A complete list of the FTX Debtors is available at https://restructuring.ra.kroll.com/FTX/Home-DownloadPDF?id1=MTQ0NDMzMA%3D%3D&id2=0.

appointed in the chapter 11 cases of the Voyager Debtors and the FTX Debtors (the "UCCs"). The Voyager Debtors, FTX Debtors, and UCCs are each a "Party" and collectively, the "Parties."

## RECITALS

**WHEREAS**, on June 21, 2022, Voyager Digital Holdings, Inc., as borrower, and Voyager Digital, Ltd. ("Voyager TopCo"), as guarantor, entered into a Loan Agreement with Alameda Ventures, Ltd. ("Alameda Ventures," and the loan facility pursuant to the Loan Agreement, the "Alameda Loan Facility");

**WHEREAS**, on July 5, 2022 (the "Petition Date"), each Voyager Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy Court");

**WHEREAS**, as of the Petition Date, Alameda Ventures was the beneficial owner of 7,723,995 shares of the common stock of Voyager TopCo and Alameda Research Ventures LLC ("Alameda Research Ventures") was the beneficial owner of 10,457,265 shares of the common stock of Voyager TopCo;

**WHEREAS**, on July 19, 2022, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors in the Voyager Debtors' chapter 11 cases (the "Voyager UCC") [Docket No. 106];

**WHEREAS**, on September 27, 2022, Voyager Digital, LLC ("Voyager OpCo") and West Realm Shires Inc. d/b/a FTX US ("West Realm Shires") executed that certain Asset Purchase Agreement (including all exhibits and schedules, the "Initial Asset Purchase Agreement") [Docket No. 472-B];

2

**WHEREAS**, on October 3, 2022, Alameda Ventures filed Proofs of Claim Nos. 11206, 11209, and 11213 on the Voyager Debtors' claims register asserting certain claims against each of the Voyager Debtors for amounts it contended was due and owing under the Alameda Loan Facility (collectively, the "Alameda Loan Facility Claims");

**WHEREAS**, on October 20, 2022, the New York Bankruptcy Court entered the *Order (I) Authorizing Entry Into the Asset Purchase Agreement and (II) Granting Related Relief* [Docket No. 581];

**WHEREAS**, on October 20, 2022, Voyager OpCo and West Realm Shires executed the first amendment to the Initial Asset Purchase Agreement (together with the Initial Asset Purchase Agreement, the "FTX APA") [Docket No. 582];

**WHEREAS**, on November 11 and 14, 2022,[3] the FTX Debtors, including Alameda Ventures and West Realm Shires, filed petitions for voluntary relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"), which cases are jointly administered under the caption *In re FTX Trading Ltd.*, Case No. 22-11068 (JTD) (Bankr. D. Del. Nov. 11, 2022) (the "FTX Bankruptcy");

**WHEREAS**, on December 15, 2022, the United States Trustee for the District of Delaware appointed the Official Committee of Unsecured Creditors in the FTX Bankruptcy (the "FTX UCC") [FTX Bankruptcy, Docket No. 231];

**WHEREAS**, on January 9, 2023, West Realm Shires and the Voyager Debtors entered into that certain stipulation addressing the FTX APA (the "FTX APA Stipulation"), which was approved by the Delaware Bankruptcy Court on January 9, 2023 [FTX Bankruptcy, Docket No. 423] and by the New York Bankruptcy Court on January 10, 2023 [Docket No. 849];

---

[3] The petition date applicable to the FTX Debtors is November 11, 2022 except for West Realm Shires, Inc.

3

**WHEREAS**, on January 10, 2023, the Voyager Debtors filed the *Third Amended Joint Chapter 11 Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 852] (as modified, amended, or supplemented from time to time, the "Voyager Plan");

**WHEREAS**, on January 30, 2023, Alameda Research Ltd. ("Alameda Research") filed that certain *Complaint to Avoid and Recover Preferential Transfers* commencing the adversary proceeding captioned *In re FTX Trading Ltd.*, Adv. Pro. No. 23-50084 (JTD) (Bankr. D. Del. Jan. 30, 2023) (the "FTX Adversary Proceeding"), asserting certain preference claims against Voyager OpCo and HTC Trading Inc., which may be amended in accordance with applicable law (with the Voyager Debtors and Voyager UCC reserving their rights to object to any effort to amend) (the "Preference Claims");

**WHEREAS**, the hearing to consider confirmation of the Voyager Plan is scheduled for March 2, 2023 at 10:00 a.m. prevailing Eastern Time (as may be continued from time to time, the "Voyager Confirmation Hearing"); and

**WHEREAS**, the Voyager Debtors, the FTX Debtors, and the UCCs have engaged in arm's length discussions regarding the FTX APA, the Alameda Loan Facility (including the asserted equitable subordination of the Alameda Loan Facility Claims), the Voyager Plan, and the FTX Adversary Proceeding.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the undersigned counsel for the Parties, and the New York Bankruptcy Court adopts such joint stipulation and **ORDERS** as follows:

1. **Alameda Loan Facility Claims.** The FTX Debtors will, at the Voyager Debtors' election with the consent of the Voyager UCC, in their sole discretion, following written notice to

4

counsel to the FTX Debtors and FTX UCC of such election, which written notice shall be given no later than the date that is 30 days after the Voyager Confirmation Hearing, (a) withdraw the Alameda Loan Facility Claims in their entirety, with prejudice to the FTX Debtors or any other party reasserting such claims, or (b) contribute the Alameda Loan Facility Claims to Voyager OpCo. In addition, the Voyager Debtors shall not assert any affirmative claims against the FTX Debtors relating to or arising out of the Alameda Loan Facility. For the avoidance of doubt, however, the Voyager Debtors and Voyager UCC retains the right to assert any and all allegations or underlying claims relating to or arising out of the Alameda Loan Facility as defenses to, or as a basis for equitable subordination of, any claims the FTX Debtors may have against the Voyager Debtors, including the Preference Claims.

2. **Equity claims.** Alameda Ventures, Alameda Research Ventures and, if applicable, any other FTX Debtor will, at the Voyager Debtors' election with the consent of the Voyager UCC, in their sole discretion, following written notice to counsel to the FTX Debtors and FTX UCC of such election, which written notice shall be given no later than the date that is 30 days after the Voyager Confirmation Hearing, (a) waive any and all recoveries to which the FTX Debtors may be entitled on account of their equity interests in Voyager TopCo, or (b) contribute their equity interests in Voyager TopCo to Voyager OpCo.

3. **Voyager Reserve and FTX Debtors' Affirmative Claims.** Voyager OpCo shall reserve and hold the amount of $445,000,000 in cash of U.S. Dollars (the "Reserved Amount") on account of the Preference Claims asserted by the FTX Debtors[4] and their estates against the

---

[4] For the avoidance of doubt, if the Preference Claims are determined to be valid, the Parties agree that the Voyager Debtors may assert a claim under Section 502(h) of the Bankruptcy Code against the FTX Debtors. The Parties further agree that, if the Preference Claims constitute allowed unsecured claims against any Voyager Debtor, the Voyager Debtors may satisfy their obligations under Section 502(b) of the Bankruptcy Code by making a distribution consistent with the Voyager Plan, as proposed as of the date hereof, on account of such allowed claims.

5

Voyager Debtors in the FTX Adversary Proceeding (which Preference Claims shall be capped at the Reserved Amount), subject to all defenses and counterclaims thereto, until the final resolution of the Preference Claims by settlement or a final and unappealable order of the Delaware Bankruptcy Court, including any appeals therefrom. The FTX Debtors and their estates agree not to assert any affirmative claims against the Voyager Debtors, Voyager affiliates, or current or former Voyager employees, other than the Preference Claims, in any forum, except (a) as defenses to any claim brought by or on behalf of the Voyager Debtors or the Voyager UCC (or their successors and assigns) against them or (b) as described in paragraph 4 below.

4. **FTX APA Claims.** The $5,000,000 deposit provided by the FTX Debtors under the FTX APA will continue be held by the Voyager Debtors in escrow and will not be used or distributed until ownership of that deposit is litigated in the New York Bankruptcy Court and decided by settlement or a final and unappealable order, including any appeals therefrom. In addition, the Voyager Debtors and Voyager UCC (subject to obtaining any necessary standing, with the rights of all other Parties with respect to standing expressly reserved) expressly preserve, and can affirmatively assert, any and all affirmative claims against the FTX Debtors relating to or arising out of the FTX APA (to which the FTX Debtors and their estates retain all defenses). The FTX Debtors and their estates also expressly reserve, and can affirmatively assert, any and all affirmative claims relating to or arising out of the FTX APA (to which the Voyager Debtors and their estates retain all defenses).

5. **Non-Binding Mediation.** The Parties agree to participate in good faith in non-binding mediation with respect to all claims among the Parties, including whether they should be allowed, their classification, and whether they should be equitably subordinated. The Parties shall engage in good faith to agree on a mediator within 7 days of the execution of this Stipulation and,

if they cannot do so, the Voyager Debtors and Voyager UCC shall jointly propose two mediators and the FTX Debtors and FTX UCC shall jointly propose two mediators in camera to the New York Bankruptcy Court and the Parties shall jointly ask the New York Bankruptcy Court to select a mediator from among those four options. The Parties agree that all mediation fees shall be divided evenly between the FTX Debtors and the Voyager Debtors.

6.  **Intervention.** The Voyager Debtors and the FTX Debtors agree not to oppose the FTX UCC's and the Voyager UCC's, respectively, intervention in all disputes between the Voyager Debtors and FTX Debtors, provided that the UCCs shall each take commercially reasonable efforts to avoid duplication of work being undertaken by the Voyager Debtors and the FTX Debtors.

7.  **Discovery.** The Parties agree to postpone all formal or informal discovery requests against one another, each Party's affiliates, and each Party's current or former employees related to the FTX APA, the Alameda Loan Facility (including the asserted equitable subordination of the Alameda Loan Facility Claims), the Voyager Plan, and the FTX Adversary Proceeding. Any discovery requests that are outstanding as of the Parties' execution of this Stipulation shall be deemed withdrawn, without prejudice. The Parties agree that they will not serve formal or informal discovery requests until at least one full day of in-person mediation has occurred and that any such discovery requests shall be consistent with the litigation schedules agreed to in writing by the Parties, as applicable, in accordance with paragraph 9 hereof. The Parties will meet and confer in good faith with the assistance of the mediator concerning any limited mutual requests for information in connection with the mediation.

8.  **Agreements With Respect To Alleged Preference Claims.** The Parties agree that the Preference Claims shall be adjudicated in the FTX Adversary Proceeding in the Delaware

7

Bankruptcy Court. The Parties agree that the Preference Claims, to the extent determined in a final and unappealable order from the Delaware Bankruptcy Court, including any appeals therefrom, will be allowed by a joint stipulation between the Voyager Debtors and FTX Debtors in the New York Bankruptcy Court, *provided* that (a) if the Preference Claims are deemed to be valid by a final and unappealable order from the Delaware Bankruptcy Court, including any appeals therefrom, the administrative or general unsecured status of such claims will be decided in the New York Bankruptcy Court; and (b) each Party reserves all rights with respect to any claim of equitable subordination with respect to the Preference Claims. The Parties agree that the Voyager Debtors and the Voyager UCC, in their sole discretion, may elect to initiate proceedings (which shall not be duplicative of each other) in the New York Bankruptcy Court to classify and/or equitably subordinate the Preference Claims while the Preference Claims are being litigated in the Delaware Bankruptcy Court, *provided* that the Parties' rights with respect to the proper venue for litigation of any claim of equitable subordination are expressly preserved.

9. **Litigation Schedules.** In the event all issues relating to the Preference Claims are not resolved through the mediation described in paragraph 5 above, the Parties shall negotiate and in good faith agree to an expedited litigation schedule in the Delaware Bankruptcy Court with respect to the Preference Claims and any counterclaims thereto, provided that such expedited litigation schedule shall allow for sufficient time for the Parties to conduct discovery post-mediation. Should the Voyager Debtors or Voyager UCC, in their sole discretion, elect to initiate proceedings in the New York Bankruptcy Court to classify and/or equitably subordinate the Preference Claims while the Preference Claims are being litigated in the Delaware Bankruptcy Court, the Parties shall negotiate and in good faith agree to an expedited litigation schedule for the

8

litigation of such matters, provided that such expedited litigation schedule shall allow for sufficient time for the Parties to conduct discovery post-mediation.

10. **Voyager Plan.** The FTX Debtors agree not to object to confirmation of the Voyager Plan so long as it is consistent in all applicable respects with this Stipulation.

11. **Reservation of Rights.** Except as otherwise set forth in this Stipulation, each Party reserves any and all rights, claims, and defenses against the other Party with respect to the subject matters of this Stipulation.

12. **Cooperation.** Each Party shall cooperate with each other Party and take such actions as are reasonably necessary to obtain approval of this Stipulation by the New York Bankruptcy Court and the Delaware Bankruptcy Court and entry of approval orders, and to effectuate their terms.

13. **Effectiveness.** This Stipulation shall become effective upon entry of an order of the New York Bankruptcy Court and the Delaware Bankruptcy Court.

**AGREED BY**:

February 22, 2023

                */s/ Joshua A. Sussberg*
                **KIRKLAND & ELLIS LLP**
                **KIRKLAND & ELLIS INTERNATIONAL LLP**
                Joshua A. Sussberg, P.C.
                Christopher Marcus, P.C.
                Christine A. Okike, P.C.
                Allyson B. Smith (admitted *pro hac vice*)
                601 Lexington Avenue
                New York, New York 10022
                Telephone:   (212) 446-4800
                Facsimile:    (212) 446-4900
                Email:        jsussberg@kirkland.com
                                cmarcus@kirkland.com
                                christine.okike@kirkland.com
                                allyson.smith@kirkland.com

                Michael B. Slade
                Richard U.S. Howell
                Ravi S. Shankar
                300 N. LaSalle
                Chicago, Illinois  60654
                Telephone:   (312) 862-2000
                Facsimile:    (312) 862-2200
                Email:        mslade@kirkland.com
                                rhowell@kirkland.com
                                rshankar@kirkland.com

                *Counsel to the Debtors and Debtors in Possession*

/s/ Andrew G. Dietderich
**SULLIVAN & CROMWELL LLP**
Andrew G. Dietderich
Brian D. Glueckstein
Benjamin S. Beller
125 Broad Street
New York, NY 10004
Telephone: 212-558-4000
Email: dietdericha@sullcrom.com
glueckseinb@sullcrom.com
bellerb@sullcrom.com

*Counsel for the FTX Debtors*

/s/ Darren Azman
**MCDERMOTT WILL & EMERY LLP**
Darren Azman
Joseph B. Evans
One Vanderbilt Avenue
New York, NY
Telephone: (212) 547-5400
Facsimile: (212) 547-5444
Email: dazman@mwe.com
jbevans@mwe.com

*Counsel for the Voyager Official Committee of Unsecured Creditors*

/s/ Robert F. Poppiti, Jr
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Matthew B. Lunn
Robert F. Poppiti, Jr.
1270 Avenue of the Americas, Suite 2210
New York, NY 10020
Telephone: (212) 332-8840
Facsimile: (212) 332-8855
Email: mlunn@ycst.com
rpoppiti@ycst.com

*Counsel for the FTX Official Committee of Unsecured Creditors*

11

**SO ORDERED**:

New York, New York  
Date: _____, 2023

                                                   _____  
                                                   THE HONORABLE P. MICHAEL E. WILES  
                                                   UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B



**mwe.com**

Joseph B. Evans
Partner
jbevans@mwe.com
+1 212 547 5767

February 27, 2023

**VIA EMAIL**

| | |
|---|---|
| Richard M. Simins | S. Gale Dick |
| rsimins@mmwr.com | sgdick@cohengresser.com |
| Jeremy Mishkin | Alexandra K. Theobald |
| jmishkin@mmwr.com | atheobald@cohengresser.com |
| Edward Schnitzer | Cohen & Gresser LLP |
| eschnitzer@mmwr.com | 800 Third Avenue |
| Montgomery McCracken Walker & Rhoads LLP | New York, New York 10022 |
| 437 Madison Avenue, 24th Floor | |
| New York, New York 10022 | Marc R. Lewis |
| | mlewis@lewisllewellyn.com |
| | Lewis & Llewellyn LLP |
| | 601 Montgomery Street, Suite 2000 |
| | San Francisco, California 94111 |

**RE:** *In re: Rule 45 Subpoena to Non-Party Samuel Bankman-Fried*,
      No. 3:23-mc-80052 (N.D. Cal.)

Counsel,

We represent the Official Committee of Unsecured Creditors (the "Committee") in chapter 11 bankruptcy cases in *In re: Voyager Digital Holdings, Inc., et al.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y.) ("Bankruptcy Cases"). On February 16, 2023, the Committee served a subpoena seeking documents and a deposition from Mr. Bankman-Fried (the "Subpoena"). As you know, pursuant to the stipulation filed on February 22, 2023, in the Bankruptcy Cases (ECF No. 1048), the Subpoena has been withdrawn. Accordingly, the motion to quash the Subpoena filed in the Northern District of California should be similarly withdrawn as moot (the "Motion"). *See In re: Rule 45 Subpoena to Non-Party Samuel Bankman-Fried*, Case No. 3:23-mc-80052 (N.D. Cal.). Please let us know by Wednesday, March 1, 2023 if you intend to withdraw the Motion.

The Subpoena sought documents and information related to contested proofs of claim filed by Alameda Ventures Ltd. in the Bankruptcy Cases. As you were made aware by counsel for the Debtors and the Committee, there was an ongoing negotiation pending with Alameda/FTX which would postpone the discovery sought in the Subpoena. I understand that counsel for the Debtors informed you that a settlement had been reached on February 20, 2023 that, among other things, delayed any discovery obligations of Mr. Bankman-Fried. I also received an email from you acknowledging that you were aware



**One Vanderbilt Avenue   New York NY 10017-3852   Tel +1 212 547 5400   Fax +1 212 547 5444**

*US practice conducted through McDermott Will & Emery LLP.*

Letter to Counsel for Samuel Bankman-Fried
February 27, 2023
Page 2

of the settlement. I confirmed in writing on February 21, 2023 that a stipulation was about to be executed which would delay Mr. Bankman-Fried's discovery obligations and that no motion practice would be necessary. Given our correspondence, we were surprised to see that Mr. Bankman-Fried filed the Motion. As expected, on February 22, 2023, the stipulation was filed which states in relevant part:

> 7. Discovery. The Parties agree to postpone all formal or informal discovery requests against one another, each Party's affiliates, and each Party's current or former employees related to the FTX APA, the Alameda Loan Facility (including the asserted equitable subordination of the Alameda Loan Facility Claims), the Voyager Plan, and the FTX Adversary Proceeding. *Any discovery requests that are outstanding as of the Parties' execution of this Stipulation shall be deemed withdrawn, without prejudice*. The Parties agree that they will not serve formal or informal discovery requests until at least one full day of in-person mediation has occurred and that any such discovery requests shall be consistent with the litigation schedules agreed to in writing by the Parties, as applicable, in accordance with paragraph 9 hereof. The Parties will meet and confer in good faith with the assistance of the mediator concerning any limited mutual requests for information in connection with the mediation.

(ECF No. 1048)(emphasis added).

The Subpoena is withdrawn. Pursuant to the stipulation the Committee is no longer seeking information from Mr. Bankman-Fried at this time.[1] Because the Subpoena is withdrawn, the Committee requests that Mr. Bankman-Fried withdraw the Motion as moot. It would be a waste of valuable time and resources to have to formally object to a Motion concerning a Subpoena that has now been withdrawn. Please let us know if you would like to discuss. As the Committee's response to the Motion is currently due on March 7, 2023, we request that you let us know by March 1, 2023 if you intend to withdraw the Motion.

Sincerely,



Joseph B. Evans

CC:   Darren Azman (dazman@mwe.com)
      Michael R. Huttenlocher (mhuttenlocher@mwe.com)
      Kelly Shami (kshami@mwe.com)
      Counsel for the Debtors

---

[1] While the Subpoena is withdrawn and no production is required at this time, Mr. Bankman-Fried must preserve and not destroy the information sought by the Subpoena.

